# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

CRAIG GERALD LANE,                          )
                                            )
            Plaintiff,                       )
                                            )
                                            )    Civil Action No. 24-CV-13091-AK
v.                                          )
                                            )
COMMONWEALTH OF                             )
MASSACHUSETTS ESSEX COUNTY                  )
SHERIFF'S DEPARTMENT, KEVIN F.             )
COPPINGER, WILLAM GERKE,                    )
DEANA PIANTEDOS                             )
                                            )
            Defendants.                      )
_____)

## MEMORANDUM AND ORDER ON
## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**A. KELLEY, D.J.**

On December 13, 2024, Plaintiff Gerald Craig Lane filed a Complaint alleging that the

Essex County Sheriff's Department and its representatives failed to promote him in 2017 and

2019 as a result of disability, age, race, and gender discrimination in violation of the Americans

with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and Title

VII of the Civil Rights Act.  [Dkt. 1].  Before filing his Complaint, but at some unknown time,

Mr. Lane filed a charge with the Equal Employment Opportunity Commission ("EEOC"),

seemingly alleging the same.  [Id. at 5] (identifying the EEOC charge number as 16C-2021-

00211).

On February 5, 2025, Defendants together filed a Motion to Dismiss, arguing that Mr.

Lane failed to comply with the applicable statute of limitations.  [Dkt. 13].  The Motion to

Dismiss remains unopposed by Mr. Lane.  For the following reasons, Defendants' Motion to

Dismiss for Failure to State a Claim [Dkt. 13] is **GRANTED IN PART** and **DENIED IN PART**, subject to any future filings as ordered below.

I.    **DISCUSSION**

In their Motion to Dismiss, Defendants argue that "[c]laims of employment discrimination, including claims of [] age, gender, and disability discrimination, must be filed 'not later than three years after the alleged unlawful practice occurred.'" [Dkt. 14 at 3] (quoting Mass. Gen. Laws ch. 151B, § 9). However, but for a potential claim under Title II of the ADA, to be addressed later, this appears to be the incorrect statute of limitations.

It is true that for violations of statutes like those relevant in the instant case, when Congress does not establish a limitations period, courts generally borrow the statute of limitations from analogous state-law claims, as long as it is not contrary to federal law. Vazquez-Rodriguez v. Miranda, No. 16-CV-2019-DRD, 2017 WL 3588935, at *5 (D.P.R. Aug. 18, 2017) (quoting Sharkey v. O'Neal, 778 F.3d 767, 770 (9th Cir. 2015)); see also Hall v. Minner, 411 Fed. App'x 443, 445 (3d Cir. 2011) ("[T]he statute of limitations applicable to claims under Title II of the ADA . . . is the statute of limitations for personal injury actions in the state in which the trial court sits." (internal quotation marks omitted) (quoting Disabled in Action v. SEPTA, 539 F.3d 199, 208 (3d Cir. 2008)). But Title I of the ADA, the ADEA, and Title VII of the Civil Rights Act are not silent as to the relevant limitations period.

Title I of the ADA, the ADEA, and Title VII of the Civil Rights Act do not have specific limitations solely based on the date the employment discrimination claim accrues. Instead, each statute requires the aggrieved party to file an administrative charge with a state or federal anti-discrimination agency within 300 days of the date the claim accrues. See 42 U.S.C § 2000e–5(e)(1); 29 U.S.C. § 626(d); see also Fletcher v. Tufts Univ., 367 F. Supp. 2d 99, 107 (D. Mass.

2005) (holding that ADA claims must be filed with the EEOC within 300 days of the accrual of the claim); Vesprini v. Shaw Indus., Inc., 221 F. Supp. 2d 44, 53 (D. Mass. 2002), aff'd sub nom. Vesprini v. Shaw Cont. Flooring Servs., Inc., 315 F.3d 37 (1st Cir. 2002) ("Under the ADEA, a plaintiff must file his discrimination charge with the appropriate administrative agency within 300 days from the occurrence of the alleged unlawful practice."); Andujar v. Nortel Networks, Inc., 400 F. Supp. 2d 306, 311 (D. Mass. 2005) ("For a discrimination claim to be timely, a charge of discrimination under Title VII must be filed with the EEOC within 300 days of the alleged discriminatory act.").

Those hoping to sue in federal court under these statutes must then wait for a response from the agency, which will either dismiss the charge or provide a right-to-sue letter. Plaintiffs can then file a complaint in federal court within 90 days of receipt of one of these responses. See 42 U.S.C § 2000e–5(f)(1); 29 U.S.C. § 626(e); see also Vazquez-Rodriguez, 2017 WL 3588935, at *5; Woods v. Covidien LP, No. 15-CV-30094-MGM, 2016 WL 2733102, at *3 (D. Mass. May 10, 2016) ("Upon receiving such notice [from the EEOC regarding an ADEA claim], the employee has 90 days to sue in federal court."), aff'd, No. 16-1733, 2018 WL 11432152 (1st Cir. Feb. 14, 2018); Noviello v. City of Bos., 398 F.3d 76, 85-86 (1st Cir. 2005) ("A Title VII claimant may sue only after the EEOC issues a right-to-sue letter. Once such a letter is received, the claimant must file her suit within ninety days. The fact that an analogous state statute of limitations has expired with respect to a parallel state harassment action does not create a temporal bar to a Title VII suit." (citations omitted)).

Conversely, although "whether public employees can sue public entities for employment discrimination [] is not well-settled law," Title II of the ADA employs different limitations. Logie v. Mass. Bay Transp. Auth., 323 F. Supp. 3d 164, 176 (D. Mass. 2018) ("[T]he District

Courts within our Circuit that have addressed [if public employees can sue under both Title I and Title II of the ADA] are [] split in their interpretation of Title II." (citing Skinner v. Salem School Dist., 718 F. Supp. 2d 186, 188 (D.N.H. 2010) (cognizable); Downs v. Mass. Bay Transp. Auth., 13 F. Supp. 2d 130, 134-36 (D. Mass. 1998) (cognizable); Motzkin v. Trs. of Boston Univ., 938 F. Supp. 983, 996 (D. Mass. 1996) (not cognizable))).  Because Title II of the ADA does not establish a limitations period, as discussed above, the Court must borrow from analogous state law claims.  Toledo-Colon v. Puerto Rico, 812 F. Supp. 2d 110, 119 (D.P.R. 2011).  In Massachusetts, that has been determined to be three years.  Downs, 13 F. Supp. 2d at 136; Cunningham v. Potter, No. 09-CV-10815-RWZ, 2009 WL 10694441, at *2 (D. Mass. June 18, 2009).

Turning to the instant suit, this Court agrees with Defendants that if Mr. Lane is bringing suit under Title II of the ADA, these discrimination claims accrued more than three years before the December 13, 2024 filing of the Complaint.  [Dkt. 14 at 3-4]; [Dkt. 1].  However, the Court currently does not have enough information to make the same determination as to any claim under Title I of the ADA, the ADEA, or Title VII of the Civil Rights Act.  It is clear from the Complaint a charge has been filed with the EEOC, but neither the charge itself nor the EEOC's response was included with the filing.  [Dkt. 1 at 5].

## II.    ORDER

In light of the above, Mr. Lane is **ORDERED** to provide the Court with the following within 21 days of the date of this Order:

1.  The original charge filed with the EEOC (Charge No.: 16C-2021-00211);

2.  The EEOC's response, including dismissal of the charge or a right-to-sue letter;

3.  A supplemental filing as to compliance with the above described statute of limitations.

Should Mr. Lane provide an additional filing, Defendants shall respond within seven days, if they so wish.  Failure to comply with the above Order will result in a final order of dismissal of the instant suit.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim [Dkt. 13] is **GRANTED IN PART** and **DENIED IN PART**, subject to any future filings as ordered above.

**SO ORDERED.**

Dated: June 27, 2025                                    /s/ Angel Kelley
                                                        Hon. Angel Kelley
                                                        United States District Judge